## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

**WAYNE EDWARD MEADOWS, #1496498,**

       Petitioner,

**v.**                                              **CIVIL ACTION NO. 2:18cv323**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

       Respondent.

### REPORT AND RECOMMENDATION

       This matter is before the Court on Petitioner Wayne Edward Meadows' ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 8. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

1

## I. PROCEDURAL BACKGROUND

On December 9, 2015, Petitioner entered a plea pursuant to *North Carolina v. Alford*, to eleven counts of possession of child pornography. *See* 400 U.S. 25, 32 (1970). In accordance with *Alford*, Petitioner maintained his innocence but in all other respects was considered to have pled guilty. *United States v. King*, 673 F.3d 274, 282 (4th Cir. 2012) (citing *United States v. Taylor*, 659 F.3d 339, 347 (4th Cir. 2011)); *see also* ECF No. 1 at 1. Petitioner is currently serving an eleven-year sentence in the Virginia Department of Corrections ("VDOC") pursuant to the March 17, 2016 Final Order of the Circuit Court for Campbell County, Virginia ("Trial Court"), which sentenced Petitioner to fifty-five years with all but eleven years suspended. ECF No. 1 at 1. Petitioner was represented at the plea hearing and sentencing by counsel, Gordon Peters ("Defense Counsel"). Because the procedural background of this case is integral to the Court's recommended disposition, the undersigned will articulate a chronology of Petitioner's efforts to obtain state and federal habeas relief.

Petitioner did not appeal his *Alford* plea. ECF No. 1 at 3. On March 16, 2017, Petitioner timely filed a state petition for writ of habeas corpus with the Trial Court, alleging the following grounds:

(a) Defense Counsel and Petitioner had irreconcilable differences;

(b) Defense Counsel was not prepared within the requisite range of competence;

(c) Defense Counsel's performance fell below an objective standard of reasonableness;

(d) Defense Counsel's failure to investigate mitigating evidence;

(e) Defense Counsel's failure to subject prosecution's case to meaningful adversarial testing;

(f) Defense Counsel's failure to advocate Petitioner's theory of the case;

(g) Defense Counsel's failure to maintain adequate communication with Petitioner; and

2

(h) Court's failure to provide substitute counsel.

ECF No. 10 at 1-2.

On June 26, 2017, the Trial Court dismissed Petitioner's state habeas petition. *Id.* at 2. Petitioner appealed to the Supreme Court of Virginia, where—on March 13, 2018—the Supreme Court declined to issue a writ of habeas corpus and dismissed the petition pursuant to Rule 5:17(c)(1)(iii). *See id.* Petitioner filed a *pro se*, Section 2254 Petition for federal habeas relief in this Court on June 6, 2018, where he raised the following claims:

> (a) Defense Counsel was ineffective when he (1) failed to test the prosecution's theory of the case, (2) failed to advocate Petitioner's theory of the case by not using a "computer expert," and (3) failed to present Petitioner's theory of the case; and
>
> (b) The Trial Court failed to provide substitute counsel when Petitioner and Defense Counsel had irreconcilable differences.

ECF No. 1 at 5-7; ECF No. 10 at 3.

On November 28, 2018, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 8-11. Petitioner did not file a reply to Respondent's Motion to Dismiss. Therefore, the Petition and Motion to Dismiss are now ripe for recommended disposition.

## II. DISCUSSION

Before considering the merits of a federal habeas petition, the preliminary inquiry must be (1) whether Petitioner appropriately exhausted the claims asserted in the Petition, (2) whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review, and (3) whether Petitioner's federal habeas petition was timely or may be excused for untimely filing under the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

3

A. Exhaustion and Procedural Default

    *1.  Exhaustion*

    Section 2254 allows a prisoner held in state custody to challenge his detention on the grounds that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2012).  However, a state prisoner must first exhaust his available state remedies—or demonstrate the absence or ineffectiveness of such remedies—before petitioning for federal habeas relief in order to advance the policy of giving "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).  Importantly, "the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted." *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994); *see id.* at 618.  To satisfy the exhaustion requirement and encourage comity between state and federal proceedings, *McCleskey v. Zant*, 499 U.S. 467, 493 (1991), a habeas petitioner must seek appeal in the highest state court with jurisdiction to consider the claim through either direct appeal or post-conviction appeal *and* the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993); *see also* 28 U.S.C. § 2254(c) (2012).  Meaning, a habeas "petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016).

    *2.  Procedural Default*

4

In addition to exhaustion, federal habeas petitioners must also overcome procedural default. *See Breard*, 134 F.3d at 619. According to the Fourth Circuit, a habeas petitioner has procedurally defaulted his or her federal habeas claim "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Escalante v. Watson*, 488 F. App'x 694, 699 (4th Cir. 2012). Furthermore, when considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991); *see also James v. Kentucky*, 466 U.S. 341, 348-51 (1984) (holding that the application of a "firmly established and regularly followed state practice" may prevent federal courts from reviewing certain constitutional claims). "A federal court *cannot* review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." *Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) (emphasis added). As a matter of policy, the Supreme Court held that "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey*, 499 U.S. at 493).

Absent a showing of cause and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or

that a miscarriage of justice would result from the lack of such review"). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)). Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 2016 WL 4718951, at \*5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. *Petitioner has Exhausted Claim (a) and Claim (b)*

Here, Petitioner has exhausted both Claim (a) and Claim (b) in his Petition by presenting those claims to the Supreme Court of Virginia, which Respondent does not contest. ECF No. 10 at 2-3. Claim (a) involves ineffective assistance of counsel, while Claim (b) essentially alleges the Trial Court's failure to provide substitute counsel. *See* ECF No. 1 at 5-7. Although Petitioner did not initially appeal his convictions, Petitioner did seek habeas relief from the highest court with jurisdiction, the Supreme Court of Virginia. *See* ECF No. 1 at 3. Next, and in accordance with *Pruett v. Thompson*, Petitioner advanced legal theories and factual allegations before the Supreme Court of Virginia that are essentially the same as those now put forth in Petitioner's federal habeas petition. *See* ECF No. 1 at 5-7; *see also* 771 F. Supp. 1428, 1436 (E.D. Va. 1991). Thus, Petitioner has satisfied his burden of exhaustion by: (1) seeking review in the highest state court with jurisdiction and (2) advancing the same claims or theories in his federal habeas petition as those presented in state court. *See Breard*, 134 F.3d at 619.

4. *Petitioner's Claims Are Procedurally Defaulted on Adequate and Independent State-Law Grounds*

Here, both of Petitioner's claims are procedurally defaulted. Petitioner filed a state habeas petition with the Virginia Supreme Court thereby exhausting Claim (a) and Claim (b). However, Petitioner's state habeas petition was dismissed in state court pursuant to Rule 5:17(c)(1)(iii).[1] *See* ECF No. 10 at 6. Specifically, the Supreme Court of Virginia found that the assignment of error in Petitioner's appeal of his state habeas petition was insufficient because it did not address the circuit court's ruling on Petitioner's state habeas petition. This form of procedural default constitutes adequate and independent state law ground. *See Escalante*, 488 F. App'x at 699. A state procedural rule is adequate if it is firmly established and regularly followed. *Hilton v. Dir. Dep't of Corr.*, No. 2:16cv135, 2017 WL 663237, at *7-8 (E.D. Va. Dec. 7, 2018) (citing *McNeil v. Polk*, 476 F.3d 206, 211 (4th Cir. 2007)). In this case, Rule 5:17(c) is firmly established as an independent and adequate state bar. *See Escalante*, 488 F. App'x at 699. Furthermore, when considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on adequate and independent procedural grounds to deny petitioner

---

[1] Supreme Court of Virginia Rule 5:17(c)(1) requires an appellant:

> list, clearly and concisely and without extraneous argument, the specific errors in the rulings below – or the issue(s) on which the tribunal or court appealed from failed to rule – upon which the party intends to rely, or the specific existing case law that should be overturned, extended, modified, or reversed. An exact reference to the page(s) of the transcript, written statement of facts, or record where the alleged error has been preserved in the trial court or other tribunal from which the appeal is taken shall be included with each assignment of error.

Rule 5:179(c)(1)(iii) addresses insufficient assignments of error. It states:

> An assignment of error that does not address the findings, rulings, or failures to rule on issues in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

relief. *See Ford*, 498 U.S. at 423-24.  Because federal courts may not review claims which have been procedurally defaulted in state court based on adequate and independent state-law grounds, this court must decline to consider the merits of Claim (a) and Claim (b).  *See Ellis v. Johnson*, No. 2:19cv394, 2010 WL 1381654, at *1 (E.D. Va. Mar. 30, 2010).

     *5.  Petitioner's Procedural Default is Not Excusable*

     "A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice." *Hedrick*, 443 F.3d at 359 (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)). Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow*, 439 F. Supp. at 588 (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review").

     To overcome procedural default under the cause and prejudice exception, the Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner."). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Id.* (quoting

*Roach*, 176 F.3d at 222). Here, Petitioner does not argue cause other than a statement that Defense Counsel stated Petitioner did not have grounds for appealing his initial guilty plea. *See* ECF No. 1 at 1. This is unrelated to, and therefore insufficient to support, cause to excuse Petitioner's procedural default under Virginia Supreme Court Rule 5:17(c)(1)(iii), an adequate and independent state law ground for such default. Under Rule 5:17(c)(1)(iii), "[i]f the assignments of error are insufficient, the petition for appeal shall be dismissed." The Supreme Court of Virginia found that Petitioner submitted insufficient assignments of error and dismissed his state habeas petition. Because Petitioner has failed to demonstrate adequate cause for this failure, the Court "need not consider the issue of prejudice." *Booker*, 2016 WL 4718951 at *5.

Petitioner also fails to demonstrate a fundamental miscarriage of justice such that it could overcome procedural default. *See Edwards*, 2010 WL 5825427 at *3. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) (explaining that a claim of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits"). This "exception only applies in limited circumstances: 'The petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *United States v. Jones*, 750 F.3d 579, 584 (4th Cir. 2014) (quoting *Schulp v. Delo*, 513 U.S. 298, 327 (1995)). To state such a claim, "the petitioner must satisfy a 'rigorous' burden by 'support[ing] his allegations of constitutional error with new reliable evidence.'" *Smith v. Warden*, 2018 WL 3130948, at *4 (W.D. Va. June 26, 2018) (alteration in original) (quoting *Schulp*, 513 U.S. at 324) *aff'd in Smith v. Warden*, 744 F. App'x. 181 (4th Cir. 2019). Petitioner

9

does not argue any independent basis for a miscarriage of justice or present new evidence that could show actual innocence by clear and convincing evidence. *See* ECF No. 1; *see also Mikalajunas*, 186 F.3d at 493. In fact, Petitioner does not provide any new evidence for the Court to consider. *See* ECF No. 1. The substance of Petitioner's claims for ineffective assistance of counsel and the Trial Court's failure to provide substitute counsel, *see id.*, is not "new" evidence, such that it would excuse Petitioner's procedural default. *See Smith*, 2018 WL 3130948 at *4. Without new evidence of actual innocence, the Court cannot weigh reliability or whether a reasonable jury would still convict Petitioner in light of new evidence. *See id.* Thus, because Petitioner's claims do not present new evidence, Petitioner has failed to satisfy the rigorous standard under the miscarriage of justice exception. Therefore, the Court may not excuse Petitioner's procedural default and consider the merits of his claims.

B. Timeliness

Even if Petitioner's claims were not procedurally defaulted, they would be barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1)(A).

*1. Statute of Limitations Under the AEDPA*

Under AEDPA, § 2254 habeas petitions are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from "the date on which the judgment became final by the conclusion of direct review." § 2244(d)(1)(A). However, in calculating the limitations period, the Court excludes, or tolls, the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. § 2244(d)(2).

For a petition to be considered properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413

(2005) (denying statutory tolling to an improperly filed petition because the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000).

In *Artuz v. Bennett*, the Supreme Court announced the definition of "properly filed," stating that:

> An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

531 U.S. 4, 8 (2000) (citations omitted).

As the Fourth Circuit has explained, "[i]n *Artuz*, the Supreme Court held that time limits on state petitions are 'condition[s] to filing,' and that an untimely petition would not be deemed 'properly filed.'" *Escalante*, 488 F. App'x at 697 (quoting *Artuz*, 531 U.S. at 11); *see also Pace*, 544 U.S. at 410 (explaining that when determining whether a pleading filed in state court was "properly filed" for purposes of a federal time limit, state law typically governs); *Dunnivan v. Brown*, No. 7:11CV00279, 2012 WL 830956, at *3 (W.D. Va. Mar. 7, 2012) ("A state habeas petition that was not timely filed under applicable state court procedural rules is not 'properly filed' under § 2244(d)(2), however, and cannot toll the federal habeas filing period.").

Untimeliness may be excused under principles of statutory or equitable tolling. Statutory tolling involves those periods of time specifically excluded from the statute of limitations by AEDPA. "To qualify for equitable tolling, a petitioner must demonstrate both that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Rashid v. Clarke*, No. 1:18CV262, 2018 WL 1937349, at *3 (E.D.

11

Va. Apr. 24, 2018) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010))). In the Fourth Circuit, that means "the petitioner is obliged to specify the steps he took in diligently pursuing his federal claim, and a lack of diligence generally acts to negate the application of equitable tolling." *Id.* (citing *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001)). "In addition, the petitioner must 'demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances.'" *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Moreover, the Fourth Circuit has emphasized that equitable tolling is to be applied only in rare circumstances. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.").

### 2. *Petitioner Failed to File his Petition within the AEDPA Statute of Limitations*

In this case, Petitioner's state court direct review process concluded thirty days after the Trial Court's March 17, 2016 Sentencing Order, starting the statute of limitations clock for a federal habeas petition on April 18, 2016, giving Petitioner until April 18, 2017 to file a federal habeas petition *See* ECF No. 10 at 4; *see also* VA. CODE ANN. § 8.01-675.3; VA. S. CT. R. 5A:6. Petitioner then filed a state habeas petition on March 16, 2017, 332 days after the statute of limitations began to run. *See* ECF No. 10. Under statutory tolling, the federal statute of limitations was tolled while the state habeas petition was under review by the Trial Court pursuant to 28 U.S.C. § 2244(d)(2) because the AEDPA statute of limitations is statutorily tolled

while a properly filed post-conviction claim is pending.[2]  However, the statute of limitations for
federal habeas review began to run again after the Trial Court dismissed Petitioner's state habeas
petition on June 26, 2017.  *See* 28 U.S.C. 2244(d)(2).  Due to the procedural defect discussed
*supra*, Petitioner did not properly file his appeal with the Virginia Supreme Court, which caused
both of Petitioner's claims to be procedurally defaulted.  Because Petitioner did not comply with
Virginia's procedural rules, Petitioner's state habeas appeal was not "properly filed," and
therefore, the statute of limitations under the AEDPA was not statutorily tolled while Petitioner's
state habeas petition was on appeal in state court.  *See Pace*, 544 U.S. at 413; *Rodgers*, 113 F.
Supp. 2d at 929; 28 U.S.C. § 2244(d)(2).  Petitioner then filed his instant Petition pursuant to §
2254 in the Eastern District of Virginia on June 6, 2018.  *See* ECF No. 1 at 1.  Thus, another 345
days elapsed, for a total of 677 days.  *See* ECF Nos. 1, 10.  Petitioner had until July 29, 2017, to
file his federal habeas petition under AEDPA.  *See* 28 U.S.C. § 2244(d)(1)(A).  However,
because Petitioner filed on June 6, 2018, Petitioner was 357 days late in filing a federal habeas
petition.  *See id.*; *see also* ECF No. 1.  Even if the appeal of Petitioner's state habeas petition was
not procedurally defective and the statute of limitations was tolled while Petitioner's habeas
petition was before the Supreme Court of Virginia, Petitioner would still have been fifty-two
days outside the statute of limitations.[3]  Additionally, none of the other statutory tolling rules
apply such that they would excuse Petitioner's late filing.[4]  While petition filed outside the

---

[2] The time during which a state court considers a "properly filed" habeas petition shall not be counted towards the
statute of limitations for a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2).
[3] The Virginia Supreme Court dismissed Petitioner's appeal on March 13, 2018.  *See* ECF No. 10 at 4.  Petitioner
filed a federal habeas petition pursuant to Section 2254 on June 6, 2018, eighty-five days later.  *See id.*  Once added
to the 322 days that ran prior to filing the state habeas petition, Petitioner filed his federal habeas petition fifty-two
days outside the one-year statute of limitation.  *See* 28 U.S.C. § 2244(d)(1)(A).
[4] 28 U.S.C. 2244(d)(1) provides that the one-year statute of limitations under the AEDPA begins to run the latest of:
      (A) the date on which the judgment became final by the conclusion of direct review or the
      expiration of the time for seeking such review;

statute of limitations may be saved by statutory tolling, *see Rodgers*, 113 F. Supp. 2d at 929, even giving Petitioner the benefit of statutory tolling under 28 U.S.C. § 2244(d)(2) during the pendency of his improperly filed state habeas appeal, Petitioner would still be untimely under AEDPA.

A federal habeas petition filed outside the one-year statute of limitations may also be saved by equitable tolling when: (1) a petitioner has been pursuing his rights diligently and (2) an extraordinary circumstance stopped the petitioner from filing on time. *See Rashid*, No., 2018 WL 1937349 at *3. In addition to these circumstances, equitable tolling may only be applied sparingly and in cases where "it would be unconscionable to enforce the limitation period." *See Rouse*, 339 F.3d at 246. Here, Petitioner did not adequately specify the steps he took in diligent pursuit of his claim. *See id.* Petitioner only explained the steps he took in filing his Petition after his state habeas petition was dismissed. *See* ECF No. 1. Such action does not meet the high standard articulated in *Rashid*. *See* 2018 WL 1937349 at *3. Furthermore, absence of counsel was Petitioner's only claim of an extraordinary circumstance that prevented him from filing a timely habeas petition with this Court. *See* ECF No. 1 at 2. Simply not having the assistance of counsel is not an *extraordinary circumstance* that would have prevented Petitioner from meeting the statute of limitations under the AEDPA. *See Rashid*, 2018 WL 1937349 at *3. Petitioner has failed to meet the standard required to excuse equitable tolling. Therefore, the undersigned **FINDS** that Petitioner's failure to file his Petition within the one-year statute of limitations

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, none of these sub-sections apply such that they would permit Petitioner's statute of limitations to begin later than thirty days after the Trial Court's March 17, 2016 Sentencing Order.

requires dismissal of the Petition pursuant to § 2244.

### III. CONCLUSION

The Court **FINDS** that both Petitioner's Claim (a) and Claim (b) are procedurally defaulted on adequate and independent state law grounds. *See Breard*, 134 F.3d at 619. The Court further **FINDS** that the Petition is time-barred under AEDPA, and therefore, the Court may not reach the merits of Petitioner's Claims. *See* 28 U.S.C. § 2244(d)(1); *Rodgers*, 113 F. Supp. 2d at 929.

### IV. RECOMMENDATION

For these reason, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 8, be **GRANTED**, and Meadows' Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

### V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the

above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/

Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
March 26, 2019

16